[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence May 10, 1995 Date of Application May 10, 1995 Date Application Filed May 11, 1995 Date of Decision June 27, 2000
Application for review of sentence imposed by the Superior Court, Judicial District of Windham.
Docket No. CR92-81866.
Ramon J. Canning, Defense Counsel, for Petitioner.
Debra Collins, Assistant State's Attorney, for the State.
BY THE DIVISION
Following a jury trial the then 42 year old petitioner was convicted of one count of murder and two counts of attempted murder. He was sentenced to a term of sixty years for the murder and consecutive sentences of twenty years on each count of attempted murder, for a total effective sentence of one hundred years.
His attorney argues that the petitioner, who was suffering from a mental disorder, had stress over problems of visitation, which included court ordered supervised visitation and these facts warrant some mitigation of his sentence. Further, that instead of considering those factors, the by the Superior Court, Judicial District of sentencing court unfairly commented that the petitioner was "probably the closest thing to CT Page 9470 the devil that I'll ever meet" and that comment indicated the Court's unwillingness to consider imposing an objective sentence. The petitioner stated that he carries the loss of his daughter as his burden.
The State's Attorney responded by pointing out that the petitioner caused his own circumstances and argues that the sentence was appropriate under the very heinous facts of this case.
The basis facts of this case are summarized as follows:
 The defendant and Joann Daigle-Moylan were the unmarried parents of a six year old child, Ayla. Ayla resided with Daigle-Moylan, and the defendant had supervised parenting time with Ayla at the child protection council (CPC) offices in Danielson. On November 2, 1992, Daigle-Moylan brought Ayla to the CPC offices for parenting time with the defendant, supervised by CPC worker, Joyce Lannan. During the session, the defendant became visibly upset and accused the child of not telling him of Daigle-Moylan's impending marriage. Daigle-Moylan returned to the CPC offices to pick up Ayla and an argument ensued between Daigle-Moylan and the defendant. The session ended, and, as Lannan, Daigle-Moylan and Ayla walked toward the back door, the defendant pointed a gun at them. Daigle-Moylan barricaded herself in an office. Lannan initially approached the defendant to take the gun away, but then changed her mind and turned away from him. As she turned, the defendant fired several shots and ran from the building. After the defendant left the building, Daigle-Moylan came out of the office to find that Lannan and Ayla had been shot. Lannan was severely wounded but recovered from her wounds. Ayla died as a result of wounds to her head. The petitioner fled to New York City where he was arrested the following day.
The victim, Ms. Lannan, was 36 years old at the time. She was shot at least five times, two of those were shots to her head, and she was wounded in each wrist, her left shoulder and had a broken collarbone. She was hospitalized on multiple occasions and was left blind in one eye. She required a bone graft to repair her shattered wrist and has other permanent disabilities as a result of the shooting, including the inability to return to work at least as of May 1995. CT Page 9471
This was a horrific crime. The petitioner cold-bloodedly took the life of his innocent young daughter, seriously and permanently wounded a social worker performing her duties pursuant to a Court order and attempted to kill the child's mother.
There is evidence that Vas, as described in the pre-sentence report is manipulative, amoral and obviously murderous.
This Division can only modify a sentence if it is inappropriate or disproportionate pursuant to the provisions of P.B. § 43-28. The sentencing court concluded "he is a dangerous person who belongs in jail for the rest of his life." We agree that the purposes for imposing a sentence in this case support that reasoning. We find this sentence to be neither inappropriate nor disproportionate.
It is affirmed.
Klaczak, Norko and Miano, J.s, participated in this decision.